IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CAROLYN S. NICHOLS,                                                                             PLAINTIFF

v.                                                                            Civil Action No.: 1:08CV83-M-A

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                             DEFENDANT

MEMORANDUM OPINION

      This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Carolyn S. Nichols for disability insurance benefits (DIB) under Section 216(I) and 223(d) of the Social Security Act. Plaintiff applied for benefits on or about October 6, 2004, alleging that she became disabled on December 28, 1998, due to fibromyalgia, chronic obstructive pulmonary disease, rheumatoid arthritis, joint pain in hands and knees, foot pain, back pain, osteoarthritis, bladder control problems, anxiety and depression and lack of concentration. The plaintiff's claim was denied initially and on reconsideration. Plaintiff requested an administrative hearing which was held on December 6, 2006. At the hearing, plaintiff, her witnesses and a Vocational Expert (VE) testified. On April 24, 2007, the Administrative Law Judge (ALJ) issued an unfavorable decision. The Appeals Council denied plaintiff's request for review on February 15, 2008. The ALJ's decision is now ripe for review.

BRIEF FACTUAL SUMMARY

      The plaintiff was born in 1943 and was sixty-three years old at the time of the ALJ's

decision in this case. Plaintiff completed the eighth grade in school and later obtained her GED. (Tr. 357). Her past relevant work was as a farm worker, waitress, and cash register clerk. (Tr. 357). As noted above, she has alleged that she became disabled in December 1998, due to fibromyalgia, depression, plantar fascitis, back pain and other complaints. (Tr. 122).

Upon review of the medical evidence, testimony at the hearing and the record in this case, the ALJ determined that the plaintiff suffered from "severe" impairments including fibromyalgia, arthritis, chronic obstructive pulmonary disease, heel spurs, degenerative disc disease, depression, anxiety and gastroesophageal reflux disease. (Tr. 13). However, the ALJ determined that these impairments did not meet or equal the impairments contained in the listings. (Tr. 13). Regarding the plaintiff's residual functional capacity (RFC), the ALJ determined that the plaintiff retains the RFC to perform the exertional demands of "light" work involving lifting and carrying 20 pounds occasionally and ten pounds frequently for thirty minutes at a time. (Tr. 13). That she was unable to crouch, kneel or crawl; or push or pull with her feet. (Tr. 13-14). She could occasionally reach, balance, stoop and grasp with the left hand. (Tr. 14). The ALJ further found that she was able to understand and remember, perform simple, routine tasks, interact with supervisors, coworkers and the public, and could maintain concentration and attention for hours at a time. (Tr. 14). Based on this RFC, the ALJ determined at step four of the sequential evaluation process that the plaintiff retained the ability to perform her past relevant work as a waitress. (Tr. 17).

The plaintiff has properly appealed the ALJ's determination and now, on appeal to this court raises the following issues:

1. Whether the decision of the Commissioner is supported by substantial evidence.

2. Whether the medical evidence supports the decision of the ALJ as affirmed by the Appeals Council.

3. Whether the ALJ's decision adequately explains why evidence rejected by the ALJ was rejected in support of the ALJ's decision and whether it was proper to reject certain medical evidence.

4. Whether the ALJ's findings are supported by substantial evidence or are contrary to applicable law and regulations.

Docket 11, p. 1. These arguments fall into two basic categories: whether the ALJ's decision was based on substantial evidence and whether the ALJ erred in rejecting medical evidence in the record. The court will address these arguments seriatim.

STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

3

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

In the instant case the ALJ concluded plaintiff's has the following severe combination of

---

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

4

impairments: fibromyalgia, arthritis, chronic obstructive pulmonary disease, heel spurs, degerative disc disease, depression, anxiety and gastroesophophageal reflux disease. (Tr. 13). Nevertheless, at step three the ALJ found that the plaintiff's limitations did not meet or equal any impairment listed at 20 CFR pt. 404, subpt. P, app. 1 (2008). (Tr. 13). After reviewing the medical records as a whole, and considering the credibility of the plaintiff's subjective complaints, including a detailed discussion of the plaintiff's symptoms and factors considered in determining credibility as well as an appropriate review of the plaintiff's mental abilities, the ALJ determined that the plaintiff retained the residual functional capacity to perform the exertional demands of light exertional level work involving lifting and carrying of 20 pounds occasionally and 10 pounds frequently for 30 minutes at a time. (Tr. 13). The claimant should never crouch, kneel, crawl or push and pull with her feet. (Tr. 14). The can occasionally reach, balance, stoop and grasp with the left hand; she is able to remember and understand, can perform simple, routine tasks, interact with co-workers, supervisors and the public, and can maintain her concentration and attention for hours at a time. (Tr. 14). By utilizing the testimony of a vocational expert, the ALJ determined at step four that the plaintiff was capable of returning to her past relevant work as a waitress. (Tr. 17). In so finding, the ALJ determined that the plaintiff was not disabled pursuant to the Act.

DISCUSSION

Substantial Evidence

Substantial evidence, has been defined by the Fifth Circuit as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation

omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In this case, the ALJ based his RFC determination on the assessment of state agency medical consultant, Dr. Glenn H. Bennett, M.D., as well as the testimony of the plaintiff. (Tr. 17). Although plaintiff's treating physician opined that plaintiff was totally disabled due to fibromyalgia, the ALJ determined that his opinion was not to be afforded controlling weight because the majority of the evidence was inconsistent with his findings. (Tr. 252, 16-17). A review of the other medical evidence of record indicates that the ALJ's determination was fully supported by the evidence.

The plaintiff initially filed for Social Security disability benefits in 2003, but was advised by a representative of the Social Security Administration that she had not earned sufficient credits to be eligible for benefits. Docket 11, p. 2. Based on this representation, plaintiff sought employment and continued with her medical treatment and medications until October 2004 when she re-filed her application for benefits. *Id.* Notably, the ALJ determined that the plaintiff, despite her working various jobs in 2003 and 2004, had not engaged in substantial gainful activity since her alleged onset date of December 28, 1998. (Tr. 13). The ALJ further found that had several "severe" impairments including fibromyalgia, arthritis, Chronic obstructive pulmonary disease, heel spurs, degerative disc disease, depression, anxiety and

6

gastroesophophageal reflux disease. (Tr. 13). Nevertheless, the ALJ found that the plaintiff's limitations did not meet or equal any impairment listed at 20 CFR pt. 404, subpt. P, app. 1 (2008). (Tr. 13).

In all social security cases, the plaintiff bears the ultimate burden of proof on the issue of disability. *Kraemer v. Sullivan*, 885 F.2d 206, 204 (5th Cir. 1989). Under the act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can expect to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[9] In the instant case, the ALJ, after properly making a determination of the plaintiff's RFC, found at step four that the plaintiff was capable of returning to her past relevant work as waitress. (Tr. 17). According to 20 C.F.R. §404.1520 and §416.920, "[i]f an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of 'not disabled' will be made." Further, Social Security Ruling 82-61 provides that an individual is to be found "not disabled" when it is determined that she retains the residual functional capacity to perform the actual functional demands and job duties of past relevant work. In this case, the ALJ, relying on the testimony of the VE, found that the plaintiff was able to return to her past relevant work. After review of the evidence, the court cannot say that his determination was in error. While there may exist evidence to the contrary, Dr. Tub's letter and opinions regarding plaintiff's "disability", the evidence was properly discounted based on contradictory objective medical evidence in the record.

---

[9]*See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

"Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders,* 914 F.2d at 617. Courts should strive for "judicial review [that is] deferential without being so obsequious as to be meaningless." *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir.1986). In this case, the requisite "substantial evidence" is clearly contained in the record to support the Commissioner's decision. The court holds that the ALJ's decision should be affirmed.

<u>Evaluation of the Medical Evidence</u>

Social Security Ruling 96-8p provides that when determining a claimant's residual functional capacity, the ALJ "must always consider and address medical source opinions." SSR-96-8p, p.7. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* Social Security Ruling 96-5 further states that "our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." SSR-96-5, p.2. "[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored." *Id.* at p. 3. Thus, when making a determination regarding a claimant's residual functional capacity – a matter which is exclusively within the purview of the ALJ – the regulations require that the ALJ carefully consider medical source opinions, particularly all medical assessments and medical source statements from medical sources who have actually examined the individual. *Id.* at p. 2. When more than one physician has provided medical information, the ALJ must consider all information provided by each source in order to properly assess a plaintiff's residual functional capacity. *Id..* It is the ALJ's task to evaluate the medical opinions in light of other information contained in the record.

*Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). An ALJ is justified in rejecting an opinion of any physician, in whole or in part, when the opinion is contrary to the weight of the medical evidence. *Id.* After considering all such medical evidence, the ALJ may determine that certain specific medical findings should be afforded more weight than other medical evidence. An ALJ may properly afford lesser weight to the opinion of a physician where the opinions are inadequately explained, not supported by specific findings, contradicted by the opinions of other medical sources, contradicted by the reports of consulting physicians, not supported by objective clinical and laboratory findings, or merely parrot the opinion of plaintiff's attorney in a case where the attorney requested a report from the treating physician. 3 Soc. Sec. Law & Prac. § 37:88.

In the instant case, the ALJ stated that he considered all the medical evidence in the record, and it is clear that he did so. The ALJ provided detailed information about the plaintiff's symptoms, her impairments, and the effects those impairments had on the plaintiff as a whole. *See* Tr. 16 and 17. The ALJ's decision discusses the plaintiff's pain and symptoms, but found that there was little evidence of an impairment that would cause such disabling pain. Although the plaintiff's treating physician, Dr. Tubb, opined that the plaintiff had been disabled since 1997. (Tr. 255 - 258), an ALJ may reject or afford lesser weight to the opinion of a treating physician if that opinion is not supported by medically acceptable laboratory and diagnostic techniques or is inconsistent with the other substantial evidence in the record. 20 C.F.R. §404.1527(d)(2); *Perez v. Barnhart* 415 F.3d 457, 465 (5th Cir. 2005) (treating physician opinions are not conclusive and may be rejected for good cause). Further, it is not required that an ALJ assign weight to a physician's conclusion that a plaintiff is "disabled" because this is an

9

issue reserved for the Commissioner. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). He specifically considered the plaintiff's circumstances, symptoms, complaints and impairments on the whole, along with all other relevant medical evidence. In his opinion, the ALJ discussed the findings of consultative examining physician Dr. Glenn Bennett as well as those of Dr. Tubb. He noted that despite Dr. Tubb's opinion the plaintiff had continued to work full time, that her examinations had not revealed any significant problems and despite diagnosed heart and lung problems plaintiff continued to smoke and examination of her heart showed it was within normal limits. (Tr. 16 - 17, citing Medical Record Exhibits 11F, 15F, 8F and 4F.). It is necessary that the ALJ consider all medical evidence and determine the plaintiff's RFC. In doing so, the ALJ afforded lesser weight to the opinions of Dr. Tubb due to the fact that the majority of the medical evidence in the record, as well as the plaintiff's work history contradicted Dr. Tubb's opinions. Articulating these and other specific reasons, the ALJ afforded found that the plaintiff was able to perform a range of light work. (Tr. 13). After review of the record, the court holds that the ALJ properly considered the totality of the plaintiff's impairments in reaching his decision and provided a well-supported basis for affording lesser weight to Dr. Tubb's assessment and for relying primarily on the opinions of Dr. Bennett. The ALJ satisfied the regulations.

It is the duty of this court to review the record on appeal and determine whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Upon review of the record as a whole and the submissions and arguments of the parties, the court finds that the decision of the ALJ was supported by substantial evidence and should be

affirmed.

It is peculiarly within the province of the ALJ to make determinations regarding credibility of the evidence. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). Where medical evidence provides a basis for a plaintiff's complaints, an ALJ's finding that the complaints are incredible will not be upheld by a reviewing court unless the ALJ weighed the medical evidence and articulated his reasons for disbelieving the complaints. *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988). In this case, there are inconsistences in the evidence between the plaintiff's subjective complaints of pain and other symptoms and objective medical evidence to support those claims. The evaluation of the plaintiff's subjective symptoms is particularly within the ALJ's discretion as he has had an opportunity to observe the plaintiff. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). In this case, the plaintiff testified of severe, disabling pain and limitations on ability to function, including inability to stand for more than fifteen minutes at a time. (Tr. 360). While medical evidence alone is not the sole determining factor of the credibility of a plaintiff's subjective evidence, it is an important factor to consider. *Russell v. Sullivan*, 950 F.2d. 542, 545 (8th Cir. 1991). However, subjective complaints must be coorborated, at least in part, by objective evidence. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). The record clearly reflects the ALJ's conscious, clear consideration of the evidence as well as his consideration of numerous factors relating to the consideration of plaintiff's subjective complaints. The fact that the ALJ did not find that the plaintiff had the severe level of pain and limitations on her functioning that she claimed is completely within his discretion, and this court does not find that his determination was in error. Accordingly, the court finds that the plaintiff's claims of error regarding her subjective evidence of pain and

11

credibility must fall.

## CONCLUSION

In accordance with this memorandum opinion, the decision of the ALJ is affirmed. A final judgment shall be issued this day.

THIS, the 11th day of March, 2009.

                                       **/s/ MICHAEL P. MILLS**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**